Drake, Ch. J.,
delivered the opinion of the court:
At the last term of this court this case was tried, and decided against the claimant as to the cause of action set forth in his petition. But at the trial the claimant’s counsel urged the claimant’s right to recover on behalf of the insurance companies by which his boat had been insured, and which had paid him the amount of their insurance of said boat. The court, therefore, remanded the case to the general docket, in order that the petition might be amended so as to show that the suit is prosecuted in part for the use of the insurers, and so that the warrant of attorney required by Rule 1 might be filed by them, and for evidence as to the payment of the policies of insurance. (8 C. Cls. R., pp. 488, 493.)
On the 26th of August last the claimant filed an amended *302 petition, setting up a claim in himself, for the use of the insurers, for the amounts paid by them; and at the same time filed warrants of attorney from them, authorizing the prosecution of the suit for their benefit.
The defendants now move to strike out the amended petition, because it was filed without an application to, or allowance by, the court, or notice to the defendants on any such intended application.
This motion cannot be sustained. It is certainly not a matter of fight in a claimant, without leave of the .court, to amend his petition; and if this case had been remanded to the docket with merely a general leave to amend, it would not have been admissible for the claimant to file an amended petition, without first submitting it to the court and obtaining specific leave to file it. But where the order of the court, entered of record, specifies, as was the case here, the particular amendment allowed to be made, the order itself is a sufficient leave, authorizing the corresponding amendment to be made and filed, without further application to the court.
The motion to strike out is overruled.